# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 1:12CR00044-004 |
| v. | ) **OPINION AND ORDER** |
| MICHAEL W. DUNLAP, | ) By: James P. Jones |
| | ) United States District Judge |
| Defendant. | ) |

*Randy Ramseyer, Assistant United States Attorney, Abingdon, Virginia, for United States; James M. Cagle, Charleston, West Virginia, and Steven D. Smith, Blacksburg, Virginia, for Defendant.*

Defendant Michael W. Dunlap objects to an order by Magistrate Judge Pamela Meade Sargent denying his motion to sever. For the reasons that follow, I affirm the order of the magistrate judge.

I

Dunlap and the other defendants in this case are alleged to have participated in a conspiracy to structure financial transactions so that certain defendants would receive fraudulent kickbacks while other defendants would claim fraudulent tax benefits. The Superseding Indictment alleges that Dunlap made purchasing decisions for coal mining businesses with which he was affiliated and caused the ordering of supplies and equipment from co-defendant J.D. "Dot" McReynolds.

The Superseding Indictment further alleges that McReynolds created inflated invoices to disguise the fact that McReynolds was paying kickbacks to Dunlap. The government alleges that Dunlap's actions constituted travel fraud and wire fraud in violation of 18 U.S.C.A. §§ 2, 2314, and 1343. The other four defendants are alleged to have participated in a check-cashing scheme in which Dunlap did not directly participate. The other defendants are charged with evading currency reporting requirements in violation of 31 U.S.C.A. § 3524. Dunlap is the only defendant who is accused of accepting kickbacks for encouraging mines to purchase supplies and equipment from McReynolds. The government alleges that Dunlap's actions and the actions of the other defendants were all done in furtherance of the same conspiracy. Dunlap moved for separate trials, arguing that the alleged check-cashing scheme and the alleged kickback scheme were two separate and unrelated series of transactions, and that he would be prejudiced if he were to be tried with the other defendants who are accused of participating in the check-cashing scheme.

Magistrate Judge Sargent found that the defendants were properly joined and that Dunlap had not demonstrated the prejudice necessary to require severance. Dunlap appeals that ruling, arguing that although all of the defendants are charged with involvement in the same conspiracy, Dunlap's alleged conduct is significantly different from the conduct of which the other four defendants are accused. Dunlap

argues that he will be prejudiced because the jury will be confused by the presentation of evidence related to the other four defendants that, according to Dunlap, is irrelevant to the crimes with which he is charged.

II

Under Rule 59(a), when a party objects to a nondispositive order of a magistrate judge, I review the order to determine whether it is contrary to law or clearly erroneous. Fed. R. Crim. P. 59(a). An order is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Minyard Enters., Inc. v. Se. Chem. & Solvent Co.,* 184 F.3d 373, 380 (4th Cir.1999) (internal quotation marks and citation omitted). An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *United Mktg. Solutions, Inc. v. Fowler,* No. 1:09–CV–1392–GBL–TCB, 2011 WL 837112, at *2 (E.D. Va. Mar. 2, 2011) (internal quotation marks and citation omitted).

Rule 8(b) of the Federal Rules of Criminal Procedure permits the government to charge multiple defendants in one indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). "Because

of the prospect of duplicating witness testimony, impaneling additional jurors or wasting limited judicial resources, joinder is the rule rather than the exception." *United States v. Whyte*, 460 F. App'x 236, 238 (4th Cir. 2012) (unpublished) (citing *United States v. Hawkins*, 589 F.3d 694, 700 (4th Cir. 2009)). "'[J]oinder is highly favored in conspiracy cases, over and above the general disposition [supporting] joinder for reasons of efficiency and judicial economy.'" *United States v. Dinkins*, 691 F.3d 358, 368 (4th Cir. 2012) (quoting *United States v. Tedder,* 801 F.2d 1437, 1450 (4th Cir.1986)). Nevertheless, the court may sever the defendants' trials if the joinder appears to prejudice a defendant. Fed. R. Crim. P. 14(a). A defendant seeking severance bears the burden of demonstrating prejudice. *United States v. Quinones*, 378 F. App'x 349, 351 (4th Cir. 2010) (unpublished). This burden is a heavy one: "when defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). The moving defendant must "establish that actual prejudice would result from a joint trial . . . and not merely that a separate trial would offer[] a better chance of acquittal." *United States v. Reavis,* 48 F.3d 763, 767 (4th Cir.1995) (internal quotation marks and citations omitted).

I do not find the magistrate judge's ruling declining to order separate trials to be clearly erroneous or contrary to law. First, Dunlap was properly joined with the other defendants under Rule 8(b) because the indictment sufficiently alleges that the check-cashing scheme and the kickback scheme were part of a single conspiracy and comprised one series of acts and transactions. Second, Dunlap has not made the requisite showing of prejudice to warrant severance under Rule 14(a). Dunlap points to no particular evidence that would prejudice him. Instead, he makes general assertions about jury confusion and judicial inefficiency. These arguments are insufficient to satisfy the high burden that a defendant seeking severance must carry. Therefore, I affirm the order of the magistrate judge.

III

For these reasons, it is **ORDERED** that Defendant's Objections to Order Denying Motion for Severance (ECF No. 134) are DENIED and the order of the magistrate judge (ECF No. 120) is AFFIRMED.

ENTER: January 2, 2013

/s/ James P. Jones
United States District Judge