# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:12CR00044-004 |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| MICHAEL W. DUNLAP, | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Randy Ramseyer, Assistant United States Attorney, Abingdon, Virginia, for United States; James M. Cagle, Charleston, West Virginia, and Steven D. Smith, Blacksburg, Virginia, for Defendant.*

Defendant Michael W. Dunlap objects to the Report and Recommendation by Magistrate Judge Pamela Meade Sargent recommending that I deny his motion to dismiss the travel fraud charges against him. I must review the aspects of the report to which Dunlap objects de novo, and either "accept, reject, or modify, in whole or in part, the findings or recommendations" of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C) (West 2012).

The statute under which Dunlap is charged in counts 51-74 of the Superseding Indictment states, in relevant part:

> Whoever transports, transmits, or transfers in interstate or foreign commerce any goods, wares, merchandise, securities or money, of the value of $5,000 or more, knowing the same to have been stolen, converted, or taken by fraud . . . [s]hall be fined under this title or imprisoned not more than ten years, or both.

18 U.S.C.A. § 2314 (West 2000).  In the subject counts, Dunlap is accused of securing equipment and supply orders from coal mining businesses, for which inflated invoices were prepared, and receiving kickbacks for securing those orders. The government asserts that it only needs to establish that the total value of each such transaction was at least $5,000.  Dunlap argues that the value of the fraudulently obtained property consists of the kickback amounts alone and does not include the value of the equipment and supplies ordered, because it is not alleged that the equipment and supplies were not actually delivered.  Dunlap argues that the government cannot meet the statute's $5,000 requirement because it is not claimed that each individual kickback payment amounted to $5,000.

The magistrate judge recommended that I deny Dunlap's motion to dismiss counts 51-74.  Neither party has cited any authority that is directly on point. Having conducted a de novo review, I agree with the magistrate judge's analysis of the statute and applicable case law.

For these reasons, it is **ORDERED** that Defendant's Objections to the Report and Recommendation (ECF No. 130) are OVERRULED, the magistrate judge's Report and Recommendation (ECF No. 111) is ACCEPTED, and the defendant's Motion to Dismiss (ECF No. 91) is DENIED.

    ENTER:   January 2, 2013

    /s/  James P. Jones
    United States District Judge